# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSUE SANTIAGOSERRANO**
**United States Army, Appellant**

ARMY 20140166

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Colonel Richard W. Rousseau, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Nicholas J. Larson, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA, (on brief).

16 March 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel with enlisted representation, sitting as a special court-martial, acquitted appellant, in accordance with his pleas, of one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. However, the panel found him guilty of one specification of the lesser-included offense of Article 128, assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2012). Additionally, the panel convicted appellant, contrary to his pleas, of one specification as charged of assault consummated by battery.[1] The panel sentenced appellant to a bad conduct discharge, sixty days confinement, and reduction to E-1. The military judge credited appellant with eight days of confinement against the sentence of

---

[1] The panel found appellant not guilty, in accordance with his pleas, of two additional specifications of assault consummated by a battery.

confinement. The convening authority approved the sentence as adjudged and approved the confinement credit.

Appellant's case is before this court for review under Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.[2] After review of the entire record, we are not convinced beyond a reasonable doubt as to one aspect of appellant's guilt. Accordingly we will except "on divers occasions" from Specification 2 of Charge II in our decretal paragraph.

## DISCUSSION

Specification 2 of Charge II alleged appellant unlawfully struck SA "on divers occasions . . . on the face with his hand." On appeal, the government concedes that the evidence introduced at trial to support this allegation was the testimony of SA, who testified that appellant made contact to her mouth with his hand on one occasion. SA could not recall any other time that appellant hit her in the face. Other witnesses also testified that SA told them that appellant struck her in the face once.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, this court is "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

Having completed our review and in consideration of the entire record, we AFFIRM only so much of Specification 2 of Charge II as provides:

> In that, [appellant], did at or near Fort Hood, Texas, on or about 13 November 2013 and on or about 14 November 2013, unlawfully strike SA on the face with his hand.

---

[2] We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

SANTIAGOSERRANO—ARMY 20140166

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3